24-1313-cr
United States v. Mrabet

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MYRNA PÉREZ,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                              No. 24-1313-cr

MOUNIR MRABET,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:          Elizabeth M. Johnson, Law
                                  Office of Elizabeth M. Johnson,
                                  New York, NY

FOR APPELLEE: Jane Yumi Chong, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Mounir Mrabet appeals from a judgment of conviction entered on April 26, 2024 in the United States District Court for the Southern District of New York (Rakoff, *J.*) following a jury trial at which Mrabet was found guilty of one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(a), two counts of narcotics distribution in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b), and one count of using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The District Court sentenced Mrabet principally to 270 months' imprisonment to be followed by a five-year term of supervised release. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to

2

explain our decision to affirm.

## I.    The *Franks* Motion

Mrabet first challenges the District Court's denial of his motion to suppress evidence gathered pursuant to four search warrants, as well as his motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to scrutinize alleged misstatements and omissions made in the affidavits submitted in support of the warrants.

In considering the denial of a *Franks* hearing, "we review the district court's factual findings of falsity and knowledge for clear error and its determinations of materiality *de novo*."    *United States v. Sandalo*, 70 F.4th 77, 86 (2d Cir. 2023).   With that standard in mind, we conclude that the District Court did not clearly err in finding that Mrabet failed to make a substantial preliminary showing that Detective Gurleski's misstatement about Mrabet's hotel occupancy was made intentionally or with reckless disregard for the truth.   *See United States v. McKenzie*, 13 F.4th 223, 236 (2d Cir. 2021).   To be entitled to a *Franks* hearing, a defendant must make "more than a mere conclusory showing," *Sandalo*, 70 F.4th at 86, and may not rely upon "[a]llegations of negligence or innocent mistake," *id.* at 85 (quotation marks omitted).   Nothing in the record supports Mrabet's

3

contention that Detective Gurleski made the misstatement intentionally or with reckless disregard for the truth. Indeed, Detective Gurleski's voluntary correction of the misstatement in the fourth warrant application belie Mrabet's claim to the contrary.

The District Court also found that the alleged omission regarding a prior police visit to a storage facility where Mrabet rented a unit was neither misleading nor made intentionally or with reckless disregard for the truth. *See McKenzie*, 13 F.4th at 236. Mrabet describes the affidavit as misleading because it "conceal[ed]" that the storage facility employees who entered Mrabet's unit and discovered pills in plain view acted on behalf of law enforcement. Appellant's Br. at 20. As the District Court found, however, Mrabet made no "offer of proof" to support the allegation that the police instructed or encouraged these employees to enter Mrabet's unit. *See Sandalo*, 70 F.4th at 85. To the contrary, the uncontested fact that Mrabet's storage unit had been left open and unattended for at least a full day suggests that the employees had a legitimate, independent reason to enter the unit. For Fourth Amendment purposes, "private actions are generally attributable to the government only where there is a sufficiently close nexus between the State and the challenged action," *United*

4

*States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) (quotation marks omitted), and

Mrabet has provided no evidence of such a nexus. Further, Mrabet did not

demonstrate that the prior police visit was "clearly critical" to the probable cause

determination as to allow the court to infer recklessness from the affidavit's

failure to mention it. *See United States v. Rajaratnam*, 719 F.3d 139, 154–55 (2d

Cir. 2013).

Because we affirm the denial of the *Franks* hearing and the motion to

suppress on the ground that Mrabet failed to make a substantial preliminary

showing of the requisite mental state, we need not address whether the alleged

misstatements and omissions were material to the finding of probable cause.

## II.    Sufficiency of the Evidence

Mrabet also challenges the sufficiency of the evidence supporting his

conviction on the firearms charge. He argues that the Government failed to

prove that he possessed a "firearm" as defined by 18 U.S.C. § 921(a)(3). "In

reviewing such a challenge, we are required to view all of the evidence in the

light most favorable to the government, crediting every inference that could have

been drawn in the government's favor, and we must affirm the conviction so

long as, from the inferences reasonably drawn, the jury might fairly have

concluded guilt beyond a reasonable doubt." *United States v. Josephberg*, 562 F.3d 478, 487 (2d Cir. 2009).

Viewing the trial evidence in the light most favorable to the Government, the jury reasonably could have found beyond a reasonable doubt that Mrabet used a firearm in furtherance of a drug trafficking crime. Among other things, a video from Mrabet's iCloud account showed him possessing a revolver alongside drugs and cash; text messages from Mrabet referenced specific firearm calibers, asked for ammunition, and threatened to shoot associates; and Mrabet told an undercover officer about the multiple firearms he possessed, including a "drug gun." Viewed in its totality, the evidence amply supported the jury's verdict. *See United States v. Castillo*, 924 F.2d 1227, 1230 (2d Cir. 1991) (holding that physical recovery of a gun was not required for conviction for using a firearm in connection with a drug trafficking offense).

## III. Jury Instruction

Finally, Mrabet contends that the District Court erred by not defining "firearm" in its jury instructions. Because Mrabet failed to object to the instructions at trial, we review this challenge for plain error only. *United States v. Hunt*, 82 F.4th 129, 138 (2d Cir. 2023).

6

A district court has "broad discretion in crafting its instructions, which is only circumscribed by the requirement that the charge be fair to both sides." *United States v. Fazio*, 770 F.3d 160, 166 (2d Cir. 2014) (alteration adopted) (quotation marks omitted). The District Court's jury instructions accurately stated that the Government must prove that Mrabet "unlawfully, knowingly, and intentionally us[ed], carr[ied] or possess[ed] a firearm in furtherance of the drug conspiracy." D. Ct. Dkt. No. 42 at 125. Nothing in the record suggests that the jury found that Mrabet exclusively possessed toy guns or BB guns. In any event, given the overwhelming evidence that Mrabet possessed actual firearms, there is no "reasonable probability that" the failure to define the term "firearms" "affected the outcome of the trial." *United States v. Scott*, 979 F.3d 986, 991 (2d Cir. 2020) (quotation marks omitted).

## CONCLUSION

We have considered Mrabet's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7